IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**SANDY MAYS**                                                                   **PLAINTIFF**

**v.**                                     CIVIL ACTION NO.: 3:22cv101-GHD-JMV

**NEWLY WEDS FOODS, INC.**                                **DEFENDANT**

**COMPLAINT**
**JURY TRIAL DEMANDED**

**COMES NOW** Plaintiff, Sandy Mays, by and through her counsel, Watson & Norris, PLLC, brings this action against Newly Weds Foods, Inc., to recover damages for violations of her rights under the Family and Medical Leave Act of 1993, as amended. As more specifically set forth below, Plaintiff has been subjected to FMLA interference and retaliation in the terms and conditions of her employment with the Defendant. In support of this cause, Plaintiff would show unto the Court the following facts to-wit:

**THE PARTIES**

1. Plaintiff, Sandy Mays, is an adult female resident of DeSoto County, Mississippi.

2. Plaintiff is an eligible employee as currently defined by the FMLA.

3. Defendant, Newly Weds Foods, Inc., is a Delaware Corporation licensed to do business in the State of Mississippi that may be served with process through its registered agent: C T Corporation, 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232.

4. Defendant is a covered employer as currently defined by the FMLA.

**JURISDICTION AND VENUE**

5. This action arises under the Family and Medical Leave Act of 1993, as

amended.

6. This Court has federal question jurisdiction for actions that arise under the FMLA.

7. This Court has personal and subject matter jurisdiction over the Defendant and venue is proper in this Court.

## STATEMENT OF FACTS

8. Plaintiff is a 53-year-old female resident of DeSoto County, Mississippi.

9. Plaintiff was hired on November 4, 2009, as a Machine Operator at Newly Weds Foods, Inc. (NWF).

10. Defendant has over 50 employees working at the facility where Plaintiff was working.

11. In the year prior to his termination, Plaintiff worked more than 1,250 hours.

12. In April or May 2021, Plaintiff spoke to Human Resources Representative Erica Epps and requested that she be allowed to apply for intermittent FMLA leave to address various medical conditions including intermittent episodes of hypertension.

13. Plaintiff then took FMLA documentation to her medical provider, Family Nurse Practitioner Lauren Person, at the Horn Lake Family Practice in Horn Lake.

14. Ms. Person completed the documentation, dated it May 18, 2021, and submitted the completed FMLA documentation to Defendant.

15. In the FMLA documentation, Ms. Person stated that Plaintiff suffered from the following medical conditions: "joint stiffness, left shoulder pain extends to elbow wrist and hands, muscle aches and lumbar pain, also with [hypertension], [right upper quadrant] pain, polyarthralgia, anemia, obesity, [history of] chest pain, [left extremity] arthritis, tendonitis, [history of] abdominal and epigastric pain."

16. In the FMLA documentation submitted to and accepted by Defendant, Ms. Person states that Plaintiff's medical conditions previously incapacitated her such that she needed a continuous period of leave from March 31, 2021 to April 5, 2021.

17. In the FMLA documentation submitted to and accepted by Defendant, Ms. Person states that following the continuous period of leave, Plaintiff would need intermittent periods of leave approximately 1-2 times per month lasting 1-2 days per episode.

18. In early June 2021, Defendant's agent, Ms. Epps, informed Plaintiff that she was approved for FMLA leave, although Plaintiff never received any documentation to confirm this.

19. Between April 2021 and June 2021, on approximately five or six occasions Plaintiff was 20-30 minutes late to work due to the FMLA listed medical conditions listed above slowing her down and delaying her ability to arrive to work on time.

20. When Plaintiff arrived to work late, she informed members of Defendant's management that she was delayed in her arrival to work due to the medical conditions covered by her FMLA leave.

21. On June 18, 2021, Ms. Epps notified Plaintiff that she was terminated, allegedly because she pointed out due to unexcused absences.

22. Plaintiff's delayed arrivals to work were due to the medical conditions (i.e., listed above) and should have been excused and covered by FMLA leave since she was approved for it as evidenced the FMLA documentation submitted to and accepted by Defendant.

**CAUSES OF ACTION**

**COUNT I: VIOLATION OF THE FMLA - INTERFERENCE**

23. Plaintiff incorporates by reference all preceding facts as set forth in Paragraphs 1 through 22.

24. It is unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under the FMLA.

25. As a result of Defendant's interference with Plaintiff's rights to take leave pursuant to the FMLA described above, Plaintiff has suffered and continues to suffer significant lost pay and benefits.

26. The willful conduct of Defendant is evidenced by a consciously indifferent attitude towards employee's rights under the FMLA. As a result of this conduct, liquidated damages should be assessed against Defendant.

27. Plaintiff also seeks all other relief, at law or in equity, to which she may show herself justly entitled.

## COUNT II: VIOLATION OF THE FMLA - RETALIATION

28. Plaintiff incorporates by reference all preceding facts as set forth in Paragraphs 1 through 27.

29. It is unlawful for any employer to discharge or discriminate against any individual for opposing any practice made unlawful by the FMLA.

30. As a result of Defendant's retaliatory acts described above, Plaintiff has suffered and continues to suffer significant lost pay and benefits.

31. The willful conduct of Defendant is evidenced by a consciously indifferent attitude towards employee's rights under the FMLA and its subsequent retaliation against Plaintiff.

32. As a result of this conduct, liquidated damages should be assessed against

Defendant.

33. Plaintiff also seeks all other relief, at law or in equity, to which she may show herself justly entitled.

### PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully prays that the Court cause service to issue in this cause upon the Defendants and that this matter be set for trial. Upon trial by jury thereon, Plaintiff prays that the following relief be granted:

1. Back wages;
2. Reinstatement or front pay in lieu of reinstatement;
3. Lost benefits and other pecuniary losses;
4. Liquidated damages;
5. A tax gross-up and all make whole relief;
6. All costs, disbursements, pre-judgment interest, post-judgment interest, expert witness fees, and reasonable attorney's fees allowed under the FMLA; and
7. Such further relief as is deemed just and proper.

THIS the 6th day of June 2022.

    Respectfully submitted,

    SANDY MAYS, PLAINTIFF

By: /s Louis H. Watson, Jr.
    LOUIS H. WATSON, JR. (MB# 9053)
    NICK NORRIS (MB# 101574)
    Attorneys for Plaintiff

OF COUNSEL:

WATSON & NORRIS, PLLC
4209 Lakeland Drive # 365
Jackson, Mississippi 39232-9212
Telephone: (601) 968-0000
Facsimile: (601) 968-0010
louis@watsonnorris.com
nick@watsonnorris.com