IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

SANDY MAYS                                                                PLAINTIFF

V.                                                           NO: 3:22CV101-GHD-JMV

NEWLY WEDS FOODS, INC.                                                  DEFENDANT

### MEMORANDUM OPINION

Presently before the Court is the Defendant Newly Weds Foods, Inc.'s motion for summary judgment [34]. Plaintiff Sandy Mays has responded in opposition to the present motion, and upon due consideration, for the reasons set forth herein, the Court hereby grants the Defendant's motion for summary judgment [34].

### Factual and Procedural Background

Plaintiff Mays began her employment with Defendant Newly Weds Foods, Inc. ("NWF") on November 4, 2009. Mays began her employment as a dumper and later became a packer with NWF.

Mays spoke with NWF's human resources representative Erica Epps in April or May 2021 and requested permission to apply for Family and Medical Leave Act ("FMLA") leave. On May 18, 2021, Mays' Nurse Practitioner Lauren Person completed the FMLA documentation which listed Mays' medical conditions along with stating that Mays would need to be out "1-2" times per month for "1-2" days at a time. Mays learned in early June 2021 that her FMLA leave had been approved.

Defendant NWF used a point system for tracking employee attendance, absences, and tardiness. This point system allowed for an employee to be terminated once they reached a total of eight (8) points. Following this point system, Mays had 6.5 points in March 2021. Between

1

April and June 2021, Mays accumulated an additional 3.5 points, bringing her total points to 9. On June 18, 2021, Mays was notified that she was being terminated for reaching the maximum 8 attendance points allowed at NWF due to her unexcused absences.

Plaintiff Mays has asserted claims of FMLA retaliation and FMLA interference, arguing that several days she was tardy to work should not count as points, as being tardy should have been excused and covered by FMLA leave.

**Standard**

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) (quoting Fed. R. Civ. P. 56(a)). The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322, 106 S. Ct. 2548.

The party moving for summary judgment bears the initial responsibility of informing the Court of the basis for its motion and identifying those portions of the record it believes demonstrate the absence of a genuine dispute of material fact. *See id.* "An issue of fact is material only if 'its resolution could affect the outcome of the action.'" *Manning v. Chevron Chem. Co., LLC*, 332 F.3d 874, 877 (5th Cir. 2003) (quoting *Wyatt v. Hunt Plywood Co.*, 297 F.3d 405, 408 (5th Cir. 2002)).

The burden then shifts to the nonmovant to "go beyond the pleadings and by . . . affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts

showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324, 106 S. Ct. 2548 (internal quotation marks omitted.); *Littlefield v. Forney Indep. Sch Dist.*, 268 F.3d 275, 282 (5th Cir. 2001); *Willis v. Roche Biomedical Labs., Inc.*, 61 F.3d 313, 315 (5th Cir. 1995). The Court "resolve[s] factual controversies in favor of the nonmoving party, but only where there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Antoine v. First Student, Inc.*, 713 F.3d 824, 830 (5th Cir. 2013) (quoting *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005)). "[T]he nonmoving party 'cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence.'" *Hathaway v. Bazany*, 507 F.3d 312, 319 (5th Cir. 2007) (quoting *Turner v. Baylor Richardson Medical Center*, 476 F.3d 337, 343 (5th Cir. 2007)).

## Discussion

The Family and Medical Leave Act prohibits employers from discharging or in any other manner discriminating against an individual for opposing any practice made unlawful by the act. 29 U.S.C. § 2615 (a)(2). The Court first considers Mays' FMLA interference claim. "It [is] unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right" provided under the FMLA. 29 U.S.C. § 2615(a)(1). Further, Mays must show that the FMLA violation prejudiced her. *Cuellar v. Keppel Amfels, LLC*, 731 F.3d 342, 347 (5th Cir. 2013). To establish a prima facie case of FMLA interference, a plaintiff must show that "(1) she was an eligible employee; (2) her employer was subject to FMLA requirements; (3) she was entitled to leave; (4) she gave proper notice of her intention to take FMLA leave; and (5) her employer interfered with, restrained, or denied her the benefits to which he was entitled under the FMLA." *Hester v. Bell-Textron, Inc.*, 11 F.4th 301, 306 (5th Cir. 2021). If the plaintiff employee can establish a prima facie case of FMLA interference, "the burden shifts to the employer to

3

articulate a legitimate, nondiscriminatory reason for the adverse employment action." *Richardson v. Monitronics Int'l, Inc.*, 434 F.3d 327, 332 (5th Cir. 2005). Thereafter, "the burden shifts back to the employee to show by a preponderance of the evidence that the employer's articulated reason is a pretext for discrimination." *Richardson*, 434 F.3d at 332–33.

Defendant NWF does not dispute that Plaintiff Mays was an eligible employee, that NWF was subject to the FMLA's requirements, and that Plaintiff Mays was entitled to FMLA leave, however, the remaining two elements are disputed. Defendant first argues that Plaintiff Mays could not have provided notice of her intent to take FMLA leave until June 2021, as that is when Mays testified that she became aware of her FMLA approval. According to Plaintiff Mays' own testimony and the summary judgment evidence, Mays had accumulated at least 8 points through NWF's attendance policy, either through tardiness or absences, by the time she learned her FMLA leave was approved. According to the Defendant, Plaintiff could not have stated her intention to take FMLA leave when she was unaware that she was approved for it.

Further, the regulation implementing the FMLA "explicitly permits employers to condition FMLA-protected leave upon an employee's compliance with the employer's usual notice and procedural requirements." *Acker v. General Motors, L.L.C.*, 853 F.3d 784, 789 (5th Cir. 2017) (quoting *Srouder v. Dana Light Axle Mfg., LLC*, 725 F.3d 608, 614 (6th Cir. 2013)). In all instances, "an employee must comply with the employer's usual and customary notice and procedural requirements for requesting leave, absent unusual circumstances." 29 C.F.R. § 825.302(d). "[A]n employer generally does not violate the FMLA if it terminates an employee for failing to comply with a policy requiring notice of absences, even if the absences that the employee failed to report were protected by the FMLA." *Acker*, 853 F.3d at 789 (quoting *Twigg v. Hawker Beechcraft Corp.*, 659 F.3d 987, 1008–09 (10th Cir. 2011). "Formal notice-of-absence policies

4

serve an employer's legitimate business interests in keeping apprised of the status of its employees and ensuring that it has an adequate workforce to carry out its normal operations." *Twigg*, 659 F.3d at 1009; *Goff v. Singing River Health Sys.*, 6 F.Supp.3d 704, 711 (S.D. Miss. 2014) (summary judgment is appropriate in FMLA case without evidence of unusual circumstances excusing employee's failure to call employer timely).

NWF's employee handbook provides the following:

> Employees with need for extended absence due to medical reasons, family care, or other circumstances that may be protected under the Family and Medical Leave Act, the Americans with Disabilities Act, or other laws and regulations which may be applicable, should contact the Human Resources Department to determine what leave may be approved in advance of the absence and what paperwork may be necessary to complete.

[34-3 Employee Handbook]. Further, the Employee Handbook states that the general policy requires employees "to report absences to their supervisor at least one hour before their scheduled start time (or as soon as possible thereafter), and to provide good and sufficient reasons for absences (and justification for any delay in notification)." [34-3]. Also, the Employee Handbook states that when employees know in advance that they will be late for work, they are required to report it to their supervisor.

Plaintiff's own affidavit filed in response to the present motion acknowledges that she did not comply with her employer's requirements to report tardiness and absences from work. Mays merely states that when she arrived late to work she then informed management that it was due to her FMLA medical conditions. However, Plaintiff Mays provides no argument or evidence to support any unusual circumstances that prohibited her from following NWF's rules in reporting her tardiness and absences. Also, Mays does not provide any evidence that she provided her supervisors with sufficient reasons for her delay in notification that she would either be missing work or tardy for work. Finally, Plaintiff Mays makes no argument and provides no evidence that

5

she complied with NWF's FMLA section of the Employee Handbook, which required Mays to contact the human resources department in advance of taking FMLA leave.

Defendant NWF also argues that Plaintiff has not shown that NWF interfered with, restrained, or denied her the benefits to which Mays was entitled under the FMLA. Defendant NWF does not dispute that Plaintiff Mays was eligible for some form of FMLA leave, however, Defendant does dispute that tardiness was not a benefit to which Mays was entitled to under the FMLA. Plaintiff's FMLA certification completed by her treating nurse practitioner states that Mays would need to be out approximately "1-2" days "1-2" times per month. The FMLA certification provides no opinion or statement that Mays' conditions listed in the form would require her to be late for work, which the Court notes that Plaintiff Mays appears to only take issue with her tardiness not being covered by the FMLA, not her absences from entire days of work. Again, Plaintiff Mays provides no argument or evidence that her FMLA leave was meant to cover being late to work as opposed to missing entire days at a time.

The Court finds that Plaintiff Mays has failed to establish a prima facie case of FMLA interference, and thus, summary judgment is warranted for this claim. However, even assuming that Plaintiff had established a prima facie case, the Court finds that summary judgment is still warranted, as Plaintiff has failed to show that NWF's reason for termination is pretext for discrimination.

As stated earlier, if the plaintiff employee can establish a prima facie case of FMLA interference, "the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for the adverse employment action." *Richardson v. Monitronics Int'l, Inc.*, 434 F.3d 327, 332 (5th Cir. 2005). Thereafter, "the burden shifts back to the employee to show by a preponderance of the evidence that the employer's articulated reason is a pretext for discrimination." *Richardson*, 434

F.3d at 332–33. The employer, NWF, has provided a legitimate nondiscriminatory reason for Mays' termination, which is that Mays accumulated over 8 points under the attendance system in place, which under the Employee Handbook permitted termination. "[A]s should go without saying, an employee's failure to show up for work is a legitimate reason for firing her." *Trautman v. Time Warner Cable Tex., L.L.C.*, 756 F. App'x 421, 428 (5th Cir. 2018).

Plaintiff Mays has failed to demonstrate that NWF's provided explanation for termination is pretext for discrimination. Mays provides no evidence or argument that she challenged the points she was being assigned for either being tardy or absent from work. Mays further does not claim to have asked NWF to correct her alleged improperly assigned points. Instead, Mays actually did the opposite on more than one occasion when she signed attendance correction forms, acknowledging that she was aware of the attendance policy, that she violated this policy, and that she was being assigned points towards the attendance policy system. Mays' failure to make any attempt to notify, correct, or inform NWF that she was incorrect or mistaken when signing these attendance correction forms provides further evidence that NWF's proffered reason is not pretextual. Even when Mays did not receive forms concerning her attendance, as they were only issued upon reaching certain numbers, Mays continued to receive warnings. Month after month, when Mays was allegedly using FMLA leave, she continued to be given warnings regarding her attendance and tardiness, along with points, yet she never made any attempt to have NWF, NWF's human resources department, or management alter her record. Plaintiff Mays has failed to show pretext on the part of NWF regarding her termination.

7

The Court next addresses Plaintiff's FMLA retaliation claim. To make a prima facie case of retaliatory discharge, Plaintiff Mays must show that "(1) [she] engaged in a protected activity, (2) the employer discharged [her], and (3) there is a causal link between the protected activity and the discharge." *Tatum v. S. Co. Servs.*, 930 F.3d 709, 713 (5th Cir. 2019) (quoting *Richardson v. Monitronics Int'l, Inc.*, 434 F.3d 327, 332 (5th Cir. 2005)). "Once an employee propounds a prima facie case of interference or retaliation, the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for the adverse employment action." *Richardson*, 434 F.3d at 332. "Thereafter, 'the burden shifts back to the employee to show by a preponderance of the evidence that the employer's articulated reason is a pretext for discrimination." *Tatum*, 930 F.3d at 713.

Defendant does not dispute that Mays was terminated, however, Defendant NWF does dispute that Mays engaged in a protected activity and that there exists a causal link between the protected activity and the termination. As discussed previously, the Defendant argues that Mays was not using her FMLA leave on the dates of which she was either absent or tardy. The Plaintiff's testimony and affidavit again show that she was not aware that her FMLA leave had been approved until June, and the undisputed record shows that Mays had at least 8 points on her attendance record by this time, therefore meeting or exceeding the needed amount to warrant termination. Mays also provides no evidence or argument to show that she followed NWF's rules for reporting FMLA leave or normal leave and also provides no evidence showing that she attempted to change or remove the points she was being assigned, even after she alleges she was on FMLA leave.

Also, as the Court mentioned when addressing the previous claim, Mays' FMLA certification form did not provide that Mays' medical conditions would require her to be late to work. Mays does not make any argument that the FMLA certification form is either incomplete

8

or inaccurate, and again, Mays states that her claims address her tardiness, not her days of total absence.

Defendant NWF also argues that there is no causal link between any alleged protected activity and Mays' termination. Without completely reiterating the Court's prior analysis, the Court finds that Plaintiff has not shown there to be a causal link between her alleged FMLA leave and her termination. Again, Plaintiff met or exceeded the points needed to warrant termination by the time she learned her FMLA leave was approved. Even when giving Plaintiff Mays all the benefits awarded to the non-moving party in summary judgment, she still cannot show a causal link. Assuming that Plaintiff's two days being absent in early April were covered due to the FMLA certification stating that Plaintiff was unable to work on these days, Plaintiff would still have a total of at least 8 points on NWF's attendance point system by June 14, 2021.

Plaintiff's failure to dispute the points she was being awarded during the year 2021 also point to a lack of a causal link. Mays was aware of the points she was being given for her tardiness or absenteeism from work, yet she did not make any effort to have the points altered. Instead, Plaintiff on multiple instances signed the forms acknowledging why she was receiving the points and acknowledging NWF's attendance rules.

Even assuming that Mays could establish a prima facie case for her FMLA retaliation claim, NWF has provided a legitimate, nondiscriminatory reason for the adverse employment action, which is that Mays was terminated for accumulating enough points due to tardiness and absenteeism to warrant termination under NWF's policy. "Thereafter, 'the burden shifts back to the employee to show by a preponderance of the evidence that the employer's articulated reason is a pretext for discrimination." *Tatum*, 930 F.3d at 713. To prove pretext, Mays must present "evidence of disparate treatment or by showing that the employer's proffered explanation is false

9

or unworthy of credence." *Trautman v. Time Warner Cable Tex., LLC*, 756 F.App'x 421, 429 (5th Cir. 2018).

The record is undisputed in showing that Mays failed to follow NWF's procedures for taking leave, much less FMLA leave. The record is further undisputed in showing that Mays was made aware of the points being awarded to her over the course of months, both before and after her FMLA leave was approved, but made no effort to convert these into approved leave. Further, the record shows that Mays' FMLA medical documentation did not show that her condition would cause her to be tardy, but instead that she would miss entire days of work. The record also shows that Mays had at least 8 points accumulated on her attendance record at the time of her termination, even when removing the point awarded in early April 2021. Overall, Mays has presented insufficient evidence that NWF's stated reason for terminating her employment was pretextual.

## Conclusion

For the reasons stated above, the Court finds that Defendant NWF's Motion for Summary Judgment [34] is GRANTED and the Plaintiff's claims DISMISSED.

An order in accordance with this opinion shall issue this day.

This, the 15 day of August, 2023.

SENIOR U.S. DISTRICT JUDGE