IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

SANDY MAYS                                                                                          PLAINTIFF

V.                                                                                     NO: 3:22CV101-GHD-JMV

NEWLY WEDS FOODS, INC.                                                                         DEFENDANT

**ORDER DENYING MOTION FOR RECONSIDERATION**

Presently before the Court is the Plaintiff Sandy Mays' Motion for Reconsideration [43] requesting that the Court reconsider, vacate, and withdraw its prior Order [42] granting the Defendant's Motion for Summary Judgment. The Defendant has responded in opposition to the present motion, and upon due consideration, for the reasons set forth herein, the Court hereby denies the Plaintiff's Motion for Reconsideration [43].

**Factual and Procedural Background**

Sandy Mays began her employment with the Defendant, Newly Weds Foods, Inc. ("NWF"), on November 4, 2009. Mays began her employment in the position of dumper while later becoming a packer. NWF used a point system for tracking employee attendance, absences, and tardiness. The point system, and company rules, allowed for an employee to be terminated once a total of eight (8) points were obtained.

Plaintiff Mays suffered from hypertension and arthritis, amongst other medical conditions. Following these conditions, Mays spoke with NWF's human resources representative Erica Epps in April or May of 2021 and requested permission to apply for Family and Medical Leave Act ("FMLA") leave. Mays' nurse practitioner, Lauren Person, completed the FMLA documentation which listed Mays' medical conditions along with stating that Mays would need to be out "1-2"

1

times per month for "1-2" days at a time. Mays learned in early June of 2021 that her FMLA leave had been approved.

Following NWF's employee attendance point system, it was determined that in June of 2021 that Mays had reached a total of nine (9) points. Mays was then notified that she was being terminated for reaching, or exceeding, the maximum allowed eight (8) attendance points. After her termination, Mays asserted claims of FMLA retaliation and FMLA interference, and the Defendant motioned for summary judgment [34] as to each claim, which the Court granted [42]. Mays now asserts that the Court erred in determining that a prima facie case of FMLA interference and retaliation had not been established.

**Standard**

Rule 59(e) authorizes a district court to "alter or amend a judgment." FED. R. CIV. P. 59(e). "A Rule 59 motion is the proper vehicle by which a party can 'correct manifest error of law or fact' or 'present newly discovered evidence.'" *Surratt v. Tractor Supply Co.*,2020 WL 6051260 at *1 (N.D. Miss. Oct. 13, 2020) (quoting *Templet v. HydroChem Inc.*, 367 F.3d 473, 477 (5th Cir. 2004)) (additional citation omitted). The Fifth Circuit has explicitly directed that Rule 59(e) motions should not be granted unless: "(1) the facts discovered are of such a nature that they would probably change the outcome; (2) the facts alleged are actually newly discovered and could not have been discovered earlier by proper diligence; and (3) the facts are not merely cumulative or impeaching." *Infusion Resources, Inc. v. Minimed, Inc.*, 351 F.3d 688, 696-97 (5th Cir. 2003).

Importantly, "motions for reconsideration 'should not be used to ... re-urge matters that have already been advanced by a party.'" *O'Hara v. Travelers, Also Named, The Automobile Ins. Co. of Hartford, Conn.*, 2012 WL 12884579, *1 (S.D. Miss. July 20, 2012) (quoting *Nationalist Movement v. Town of Jena*, 321 F. App'x 359, 364 (5th Cir. 2009)) (additional citations omitted).

2

Stated differently, "[a] party should not attempt to use the Rule 59 motion for the purpose of 'rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Surratt*, 2020 WL 6051260, at *1.

## Discussion

The Court initially notes that the parties dispute whether the present motion advances "new facts or evidence" that allegedly support the Plaintiff's request for the Court to vacate its previous order. The "new" facts or evidence asserted by the Plaintiff are not new whatsoever. The Plaintiff alleges that the Defendant wanted to "conceal" and "confuse" the Court by omitting information in its motion for summary judgment, and this was apparently done by not attaching the Plaintiff's entire deposition. However, the Plaintiff provides no reason why she was unable to provide the entire deposition in response to the previous motion for summary judgment, instead implying that it was the Defendant's sole responsibility to do so.

Also, the Plaintiff has provided a new affidavit with the present motion. The affidavit asserts new statements, facts and allegations, and again, the Plaintiff has provided no valid reason as to why this information was not provided to the Court following the prior motion for summary judgment. This is not newly discovered evidence or fact, nor manifest error of fact, as outlined by Rule 59(e), but instead, this is the Plaintiff submitting additional facts, statements, allegations, and deposition testimony, all of which was previously available and not submitted. The Court based its decision on the entire record before it, and the Plaintiff is now attempting to submit additional, previously available evidence, that allegedly should alter the Court's previous decision, which again, is improper as a Rule 59(e) motion cannot raise "arguments which could, and should, have been made before the judgment issued." *Schiller v. Physicians Resource Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). The Court finds these arguments unpersuasive, and the Plaintiff is merely

3

rehashing the same arguments made in response to the prior motion for summary judgment, albeit with additional allegations, which is not appropriate for a Rule 59(e) motion. *Surratt*, 2020 WL 6051260, at *1. The Court finds no reason to consider the exhibits submitted by the Plaintiff to this motion as it is clear that the Plaintiff had the opportunity to provide them with the prior motion and that the "new" statements are being used to address shortcomings that the Court pointed out in the previous opinion granting summary judgment.

Also, the Plaintiff asserts that the Court, at least partially, based its award of summary judgment to the Defendant on arguments that were not raised by the parties. The Plaintiff argues that the Court should essentially not consider the entire record and instead only consider what the parties state or cite to. The district judge "is free to grant summary judgment on the basis of any facts shown by competent evidence in the record." *United States v. Hous. Pipeline Co.*, 37 F.3d 224, 227 (5th Cir. 1994) (citations omitted). Rule 56 clearly permits a court to consider the whole record, and "not just the portion highlighted by the motion itself." *Id*. (citations omitted). The Plaintiff asserts that these statements of law from the Fifth Circuit may be correct in some circumstances, however, the Plaintiff does not allege or assert what makes this case different so that these precedential holdings would not apply. Overall, the Plaintiff has failed to establish that a proper basis exists for a motion for reconsideration, and the motion could be denied on this basis alone.

The Court finds no reason to reconsider its prior order granting the Defendant's motion for summary judgment but will briefly touch on the claims to reiterate its conclusions and basis. As stated in the Court's previous opinion, the regulation implementing the FMLA "explicitly permits employers to condition FMLA-protected leave upon an employee's compliance with the employer's usual notice and procedural requirements." *Acker v. General Motors, L.L.C.*, 853 F.3d

4

784, 789 (5th Cir. 2017) (quoting *Srouder v. Dana Light Axle Mfg., LLC*, 725 F.3d 608, 614 (6th Cir. 2013)). "[A]n employer generally does not violate the FMLA if it terminates an employee for failing to comply with a policy requiring notice of absences, even if the absences that the employee failed to report were protected by the FMLA." *Acker*, 853 F.3d at 789 (quoting *Twigg v. Hawker Beechcraft Corp.*, 659 F.3d 987, 1008–09 (10th Cir. 2011). "Formal notice-of-absence policies serve an employer's legitimate business interests in keeping apprised of the status of its employees and ensuring that it has an adequate workforce to carry out its normal operations." *Twigg*, 659 F.3d at 1009; *Goff v. Singing River Health Sys.*, 6 F.Supp.3d 704, 711 (S.D. Miss. 2014) (summary judgment is appropriate in FMLA case without evidence of unusual circumstances excusing employee's failure to call employer timely).

As the summary judgment record, including Plaintiff's declaration, proved, the Plaintiff did not provide evidence that she informed the appropriate supervisors, if any supervisors, with sufficient notice that she would be absent from work. Also, as previously established, Plaintiff's tardiness to work was not covered by her FMLA leave, as the nurse practitioner stated that Mays would be required to miss entire days of work, not be late to work. The summary judgment record also showed that even once Plaintiff returned to work after missing a day, she did not inform her employer that it was due to FMLA reasons, nor did she provide any advance notice. Mays also continued to sign attendance forms that acknowledged she violated the attendance policies of her employer multiple times while making no effort to claim the time as FMLA leave.

By the time Plaintiff Mays learned of her FMLA approval, she had obtained sufficient attendance points to be terminated under the policies of NWF. Concerning her absence that placed her over the threshold, Mays submits no testimony or evidence that this was FMLA leave or that it was communicated in any way to her employer that this absence was for a FMLA reason. As

5

the Court previously acknowledged, the Plaintiff also failed to follow NWF's procedures for taking leave, much less FMLA leave, including the leave that placed her over the eight (8) point threshold. Mays knew her attendance violations were being counted against her but took no steps to correct this. There was no showing of pretext by the Plaintiff, and thus the Court finds no reason to overturn its prior order.

Overall, the Plaintiff has failed to establish manifest error of law or fact, newly discovered evidence, or manifest injustice that would justify the extraordinary remedy of altering the Court's prior judgment. Thus, the Plaintiff's Motion for Reconsideration [43] is not well taken.

## Conclusion

For the reasons stated in this order, and the Court's previous opinion [41], the Court hereby ORDERS that the Plaintiff's Motion for Reconsideration [43] is DENIED.

SO ORDERED AND ADJUDGED, this the 18th day of March, 2024.

_____
SENIOR U.S. DISTRICT JUDGE